UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE SHERRILLS, *Pro Se*, | ) | Case No.: 1:15 CV 1733 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

On August 27, 2015, Plaintiff Denise Sherrills ("Plaintiff") filed a *Pro Se* Complaint against her former employer, Defendant Wells Fargo Home Mortgage ("Defendant"), alleging racial discrimination, retaliation, and gender discrimination. Currently pending before this court are Defendant's first Motion to Dismiss (ECF No. 15) Plaintiff's Complaint, second Motion to Dismiss (ECF No. 30) Plaintiff's First Amended Complaint, and Motion to Strike Plaintiff's Motion for Summary Judgment or for Rule 56(f) Relief ("Rule 56(f) Motion") (ECF No. 33). Also pending are Plaintiff's Motion for Pro Bono Referral Program (ECF No. 13), Motion for Appointment of Counsel or Pro Bono Program Services ("Motion for Counsel") (ECF No. 26), Motion for Summary Judgment (ECF No. 29), Motion for Leave to Plead Amended Complaint ("Motion to Plead Amended Complaint") (ECF No. 36), and Motion to Strike Defendant's Opposition to Plaintiff's Motion to Amend ("Plaintiff's Motion to Strike") (ECF No. 41).

For the reasons stated below, the court denies Defendant's first Motion to Dismiss Plaintiff's Complaint as mooted by Plaintiff's First Amended Complaint. The court grants in part and denies in part Plaintiff's Motion to Plead Amended Complaint (ECF No. 36). Plaintiff's Second Amended Complaint (ECF No. 37) is now controlling with respect to her racial discrimination, retaliation, and gender discrimination claims. In light of the court's decision to grant leave to Plaintiff to plead her Second Amended Complaint, the court denies Defendant's second Motion to Dismiss (ECF No. 30) Plaintiff's First Amended Complaint without prejudice. The court gives Defendant until October 14, 2016, to file a motion regarding Plaintiff's Second Amended Complaint (ECF No. 37) if it wishes, and it gives Plaintiff until October 28, 2016, to file an opposition to such motion. Defendant's reply must be filed by November 7, 2016.

Additionally, the court grants Defendant's Rule 56(f) Motion (ECF No. 33), and it denies Plaintiff's Motion for Summary Judgment (ECF No. 29) without prejudice. The court also denies Plaintiff's Motions for Pro Bono Referral Program and for Counsel (ECF Nos. 13, 26) and Plaintiff's Motion to Strike (ECF No. 41).

## I. BACKGROUND

Plaintiff, an African-American female, was employed by Defendant from January, 2013, until December, 2013. (First Am. Compl. ¶ 2, ECF No. 25.) There, she worked as an Underwriter III reviewing and underwriting mortgage loans for potential borrowers. (*Id.* at ¶ 25.) - Prior to her employment, she obtained her Direct Endorsement Underwriter Certification ("D.E. Certification"), a college education, and some unspecified amount of banking experience. (*Id.* at ¶¶ 5, 8, 9.) Despite this, Plaintiff alleges, Defendant actively prevented her from passing the necessary underwriting tests. (*Id.* at ¶¶ 10, 13, 20, 27.) Plaintiff also alleges that she received less pay than similarly situated male employees. (*Id.* at ¶ 28.) Because Plaintiff was unable to obtain her underwriting

authority, she was denied various career advancements for which she was otherwise qualified and, ultimately, was laid off. (*Id.* at ¶ 39.) Meanwhile, Defendant readily gave less qualified Caucasians underwriting authority and other career opportunities. (*Id.* at ¶¶ 20, 26.)

Further, Defendant engaged in a "pattern and practice" of race and gender discrimination, (*id.* at ¶¶ 7, 10), and it implemented subjective testing processes that favored Caucasian underwriters, (*id.* at ¶¶ 14–16). After Plaintiff reported what she believed to be unlawful employment discrimination to the Equal Employment Opportunity Commission ("EEOC"), Defendant retaliated against her by making her work environment "intolerable" and later denying her severance pay. (*Id.* at ¶¶ 30–33.)

In 2013, Plaintiff filed suit against Defendant based on many of the same underlying facts as the present case (Plaintiff's "2013 Case"). Am. Compl., No. 1:13-CV-1809, ECF No. 1-1 Ex. A (N.D. Ohio 2013). She proceeded *pro se* and sought relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), alleging that Defendant intentionally discriminated against her on the basis of race and retaliated against her. *Id.* at ¶¶ 21–22. Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that she: (1) failed to exhaust her administrative remedies by not obtaining a right-to-sue letter from the EEOC; and (2) failed to state plausible claims for relief. Mot. to Dismiss, No. 1:13-CV-1809, ECF No. 10 (N.D. Ohio 2013). This court granted Defendant's Motion to Dismiss on both grounds. Order, No. 1:13-CV-1809, ECF No. 12 (N.D. Ohio 2014).

In June, 2015, Plaintiff obtained her right to right-to-sue letter from the EEOC. (First Am. Compl. ¶ 6, ECF No. 25.) On August 27, 2015, she filed a new Complaint. (Compl., ECF No. 1.) She again proceeded *pro se* and pled several claims for relief. (*See* Compl.) She amended her

-3-

Complaint ("First Amended Complaint"), (*see* First Am. Compl., ECF No. 25), which the court treated as an amendment as of right, (*see* Order at 3, ECF No. 28). In her First Amended Complaint, Plaintiff alleged that Defendant violated: (1) Title VII by discriminating on the basis of race; (2) Title VII by retaliating against Plaintiff; and (3) Ohio Revised Code § 4112.02 by discriminating on the basis of gender.

Defendant has filed two Motions to Dismiss (ECF Nos. 15, 30), one before Plaintiff's First Amended Complaint and one after. In its second Motion to Dismiss, which was filed in January, 2016, Defendant moved this court to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF No. 30.) Defendant asserts that Plaintiff's claims are "either barred by the doctrine of res judicata or claim preclusion, are not cognizable claims as a matter of law, or do not meet the requisite plausibility pleading standard." (*Id.* at 1.)

In addition, Plaintiff filed a Motion for Pro Bono Referral Program in November, 2015, (Pl.'s Mot. for Pro Bono Referral Program, ECF No. 13.), and she requested the court to appoint counsel or provide pro bono services in December, 2015, (Pl.'s Mot. for Counsel, ECF No. 26.).

In January, 2016, before Defendant filed its second Motion to Dismiss, Plaintiff filed a Motion for Summary Judgment (ECF No. 29.) and referenced a series of exhibits to support her claims (Exs. in Supp., ECF No. 19). Shortly thereafter, Defendant filed a Rule 56(f) Motion, arguing that Plaintiff's Motion for Summary Judgment was filed prematurely and that the parties have not yet conducted any discovery. (Def.'s Rule 56(f) Mot., ECF No. 33.) Defendant attached to its Rule 56(f) Motion an affidavit averring that this matter is still in its preliminary stages. (Jaclyn C. Staple Affidavit ("Staple Aff."), ECF No. 33-1.)

In February, 2016, Plaintiff filed a Motion to Plead Amended Complaint (ECF No. 36), along with a Second Amended Complaint (ECF No. 37), asking the court for leave to amend her Complaint for the second time. Defendant filed an Opposition to Plaintiff's Motion to Plead Amended Complaint in March, 2016. (Def.'s Opp'n, ECF No. 40.) In response, Plaintiff filed a Motion to Strike (ECF No. 41), requesting that the court strike Defendant's Opposition. The court now considers each of these pending motions.

## II. LAW AND ANALYSIS

### A. Plaintiff's Motion to Plead Amended Complaint

Before turning to the other pending motions, the court shall first address Plaintiff's Motion to Plead Amended Complaint. (Pl.'s Mot. to Plead Am. Compl., ECF No. 36.)

The Federal Rules of Civil Procedure provide that, outside of her initial amendment as of right, a plaintiff may amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rules further state that "[t]he court should freely give leave when justice so requires." *Id.* To determine whether "justice so requires," the court must look at the substance of the proposed amendment. *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002). The decision whether to grant leave to amend is within the trial court's sound discretion. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). But the court should deny leave to amend if it finds undue delay, lack of notice, bad faith, dilatory motive, repeated failure to cure deficiencies, or futility. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Courts find that proposed amendments are futile "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998).

The Supreme Court has explained that a plaintiff "ought to be afforded an opportunity to test

-5-

[her] claim on the merits" if the claim is "a proper subject for relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and that "the purpose of pleading is to facilitate a proper decision on the merits," not to promote "a game of skill," *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Additionally, the Sixth Circuit has noted that "the case law in this Circuit manifests liberality in allowing amendments to a complaint," *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)), and that cases "should, as far as possible, be determined on their merits and not on technicalities," *Cooper v. Am. Emp'rs' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961).

Plaintiff gives several reasons why the court should give her leave to plead her Second Amended Complaint. She explains that parts of her claims turn on several exhibits, each of which is referenced in her Second Amended Complaint, and that she would "like to include facts to support [her] claims." (*Id.* at 1.) She further explains that her Second Amended Complaint adds claims for "mental and emotional distress," "intolerable work place," defamation, harassment, slander, and civil conspiracy. (*Id.*)

Defendant opposes Plaintiff's Motion on several grounds. It argues that an amendment would be futile because Plaintiff's claims are barred by res judicata and because the Second Amended Complaint's substantive allegations are still insufficient to state a claim upon which relief may be granted. (*Id.* at 2–3.) Additionally, Defendant argues that Plaintiff "has already had ample opportunity to amend her complaint" and that she did not file her First Amended Complaint "during her amendment as of right period." (Def.'s Opp'n 1–2, ECF No. 40.) Lastly, Defendant argues that giving Plaintiff a "third bite at the apple" will "cause further expense and delay," and it will

prejudice Defendant.[1]  (*Id.* at 3.)

For the reasons stated below, the court grants Plaintiff's Motion to Plead Amended Complaint with respect to the claims pled in her First Amended Complaint—racial discrimination, retaliation, and gender discrimination.  The court denies Plaintiff's Motion with respect to the claims she wishes to add—"mental and emotional distress," "intolerable work place," defamation, harassment, slander, and civil conspiracy.

**1. Plaintiff's Racial Discrimination, Retaliation, and Gender Discrimination Claims**

The court finds that giving Plaintiff leave to plead her Second Amended Complaint with respect to the claims pled in her First Amended Complaint is what "justice so requires," albeit the outermost margins of what justice requires.  The facts and exhibits Plaintiff includes in her Second Amended Complaint make some relevant substantive additions to her claims, and they will not, as Defendant contends, result in futility, undue delay, or prejudice.

In her First Amended Complaint, Plaintiff added some specificity to her claims.  (*See* First Am. Compl. ¶¶ 5–6, 13–16.)  However, she also diminished the factual details supporting her claims in some areas, presumably by mistake.  (*See* Compl. ¶¶ 9, 11, 12, 14.)  Plaintiff's Second Amended Complaint corrects these reductions, adds further clarifications in some areas, and references several exhibits that may help her state a plausible claim for relief.  (*See* Second Am. Compl. ¶¶ 10–14,

---

[1]  Defendant also argues that Plaintiff's claims were dismissed with prejudice in her 2013 case and that her First Amended Complaint was not an amendment as of right.  (Def.'s Opp'n 2–3.)  However, nothing in this court's Order suggests that Plaintiff's claims were dismissed with prejudice.  *See* Order, No. 1:13-CV-1809, ECF No. 12 (N.D. Ohio 2014).  And the court has plainly explained that it would treat Plaintiff's First Amended Complaint as an amendment as of right because her initial Motion to Revise (ECF No. 18) fell "well within the time frame outlined in Rule 15(a)(1)(B)."  (Order at 3, ECF No. 28.)

22–24, 29–30, ECF No. 36.) These substantive additions, though still somewhat limited, may assist the court in coming to a proper decision on the merits, and they "might state a claim" for relief. *See United States v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).

Moreover, these claims are not barred by res judicata. The Sixth Circuit explains that "the general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it," *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996), and also that it "refers to the effect of a judgment in foreclosing litigation of a matter that has never been litigated, because of a determination that it should have been advanced in an earlier suit." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 n.5 (6th Cir. 2006) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)).

Defendant argues[2] that Plaintiff's action should be dismissed because this court's Order granting Defendant's Motion to Dismiss in Plaintiff's 2013 Case, which involved the same parties and arose out of the same set of facts as the instant matter, constitutes a prior final decision on the merits. (Mot. to Dismiss 6-7, ECF No. 30.) Thus, the res judicata doctrine ought to preclude Plaintiff from taking this "proverbial second bite at the apple." (Mot. to Dismiss 1, ECF No 30.)

The court disagrees. In Plaintiff's 2013 Case, the court's Order rested upon two alternative grounds—Plaintiff's failure to exhaust administrative remedies and Plaintiff's failure to state a claim upon which relief could be granted. Order at 4, No. 1:13-CV-1809, ECF No. 12 (N.D. Ohio 2014). Specifically, the court stated, "Plaintiff has not exhausted her administrative remedies and has not stated a claim upon which relief can be granted that is plausible on its face." *Id.* at 12.

---

[2] In its Motion to Dismiss, Defendant more clearly spelled out its argument that Plaintiff's claims are barred by res judicata. Because Defendant referenced these arguments in its Opposition, the court considers those arguments herein.

The court's rationale is significant for two reasons. First, the Sixth Circuit has instructed that "when a district court's ruling rests on alternative grounds, at least one of which is based on the inability of the court to reach the merits, the judgment should not act as a bar in a future action." *Remus Joint Venture v. McAnally*, 116 F.3d 180, 184 n. 5 (6th Cir. 1997) (citing *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 119 (4th Cir. 1989)). Second, courts hold that a final judgment for a defendant based upon the plaintiff's failure to exhaust administrative remedies does not bar another, post-exhaustion claim instituted by the plaintiff. *See Wallace v. United States*, No. 95-5502, 1996 WL 132172 at *1, *1 (6th Cir. 1996).

The Court of Appeals applied these principles in *Pearson v. United Auto. Workers Local 140*, a case with a procedural posture similar to the instant matter. 99 Fed. App'x 46 (6th Cir. 2004). In *Pearson*, the district court ruled that the plaintiff's claim was barred because the court had, in an earlier case, dismissed his claim based on his failure to exhaust his intra-union remedies and failure to present a genuine issue of material fact. *Id.* at 54. The plaintiff appealed, and the Sixth Circuit reversed, holding that the district court's earlier dismissal did not constitute a final decision on the merits. *Id.* at 55.

Applying the principles outlined in *Remus* and *Pearson*, the court concludes that its Order dismissing Plaintiff's 2013 Case did not constitute a final decision on the merits because it rested, in part, on Plaintiff's failure to exhaust her administrative remedies. In the instant case, Plaintiff alleged facts sufficient to establish that she has since exhausted her EEOC remedies by obtaining a right-to-sue letter. (Compl. ¶ 6.) Therefore, Plaintiff's claims are not barred by res judicata.

The court next addresses Defendant's arguments in regard to prejudice and undue delay. It is true, as asserted by Defendant, that Plaintiff waited until after Defendant filed its second Motion

to Dismiss to file her Motion to Plead Amended Complaint and that she had the opportunity to correct any deficiencies since filing her 2013 Case. *See Young v. Bailey*, No. 1:10-CV-1064, 2011 WL 4528370 at *1, *2 (W.D. Mich. 2011) (denying leave to amend because the plaintiff requested leave to amend one year after his initial filing and because he had "ample opportunity to amend"). But any prejudice caused by amending the claims already pled is not substantial. *See Carter v. Lake Cty.*, No. 1:15-CV-37, 2016 WL 4009233 at *1, *2 (N.D. Ohio July 27, 2016) (giving the plaintiff leave to amend despite a delay, in part, because "[a]ny prejudice from entertaining an amended pleading . . . is minimal"). Moreover, Plaintiff is proceeding *pro se*, which courts recognize not only as "one of the most important rights under our Constitution and laws," *Elmore v. McCammon*, 640 F. Supp. 905, 911 (S.D. Tex. 1986), but also as a reason to apply "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520 (1971). Thus, the court gives Plaintiff additional latitude to correct errors previously made, and it gives her leave to plead her Second Amended Complaint with respect to her racial discrimination, retaliation, and gender discrimination claims.

### 2. Plaintiff's Additional Claims

The court does not give Plaintiff leave to plead her claims for "mental and emotional distress," "intolerable work place," defamation, harassment, slander, and civil conspiracy. Defendant points out that these additional claims would prejudice it. (Def.'s Opp'n 3–4.)

The court will not permit plaintiff to add legal theories to her Complaint whenever she wishes, no matter how much time she has already used to fine-tune her claims. *See Williams v. Detroit Bd. of Educ.*, Nos. 04-71064, 04-71841, 2007 WL 2638790 at *1, *3 (E.D. Mich. 2007) (denying the plaintiff leave to add claims because the parties had already been involved in four years of litigation). Though Plaintiff made some reference to the additional claims in her original

Complaint, (*see* Compl. ¶¶ 15–16, 23–24), she did not plead these claims in her First Amended Complaint and gave no reasons explaining why the court should consider these claims in her Second Amended Complaint. Unlike her racial discrimination and retaliation claims, Plaintiff supports her additional claims with little factual support. (*See* Second Am. Compl. ¶¶ 80–84.) Adding these claims at this stage would cause greater prejudice to Defendant and would unduly delay the fair and just resolution of this case.

### 3. Conclusion

The court grants in part and denies in part Plaintiff's Motion. Plaintiff's Second Amended Complaint (ECF No. 37) is now controlling with respect to her claims for racial discrimination, retaliation, and gender discrimination. However, the court denies Plaintiff's Motion for leave to plead her claims for "mental and emotional distress," "intolerable work place," defamation, harassment, slander, and civil conspiracy in her Second Amended Complaint.

### B. Defendant's Motion to Dismiss

In its first Motion to Dismiss (ECF No. 15), Defendant argued that each claim in Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). (Mot. to Dismiss, ECF Nos. 15, 30.) Likewise, Defendant argues in its second Motion to Dismiss (ECF No. 30) that each claim in Plaintiff's First Amended Complaint should be dismissed for failure to state a claim under Rule 12(b)(6). The court denies Defendant's first Motion to Dismiss (ECF No. 15) Plaintiff's Complaint as moot because Plaintiff's First Amended Complaint was treated as an amendment as of right. (Order, ECF No. 28.) Similarly, the court denies Defendant's second Motion to Dismiss (ECF No. 30) Plaintiff's Second Amended Complaint without prejudice in light of the court's decision to give leave to Plaintiff to plead her Second Amendment Complaint for her racial discrimination,

retaliation, and gender discrimination claims. The court gives Defendant until October 14, 2016, to file a motion with respect to Plaintiff's Second Amended Complaint (ECF No. 37) if it wishes, and it gives Plaintiff until October 28, 2016, to file an opposition to such motion. Defendant's reply must be filed by November 7, 2016.

### C. Plaintiff's Motions Regarding the Appointment of Counsel

In her Motions for Pro Bono Referral Program and for Counsel (ECF Nos. 13, 26), Plaintiff requests that the court appoint her counsel in this matter. As her reason for these requests, Plaintiff states only that her "below median poverty line status" has affected her attempts to secure an attorney. (Pl.'s Mot for Counsel, ECF No. 26.)

The court "has discretion to appoint counsel for an indigent civil litigant." *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Because civil litigants have no constitutional right to counsel, the appointment of counsel "is a privilege that is justified only by exceptional circumstances." *Id.* at 606. To make this determination, the courts should consider "the type of case and the abilities of the plaintiff to represent himself." *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

The court is not persuaded that, at this stage, Plaintiff's requests for an attorney implicates the necessary "exceptional circumstances." While nearly every person "would benefit from having a lawyer," there are "too many litigants and too few lawyers" to permit this court to appoint counsel too readily. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014). Plaintiff has proceeded *pro se* since she filed her 2013 Case. She has successfully represented herself since that time, and this court has granted her leniency when appropriate. Importantly, she has not yet unlocked the doors of discovery in the instant matter. Should Plaintiff survive this stage of litigation, she may renew

her request and the court will reconsider. Plaintiff's Motions for Pro Bono Referral Program and for Counsel are denied.

### D. Plaintiff's Motion for Summary Judgment and Defendant's Rule 56(f) Motion

On January 4, 2016, Plaintiff filed a Motion for Summary Judgment (ECF No. 29) and referenced a series of exhibits in support (ECF No. 19). In response, Defendant moved to strike or, in the alternative, for relief pursuant to Federal Rule of Civil Procedure 56(f). (Def.'s R. 56(f) Mot., ECF No. 33.) In support of its Motion, Defendant points out that the instant matter is still in its preliminary stages and that the period for discovery has not yet commenced; thus, it has had no opportunity to conduct discovery and lacks facts necessary to oppose Plaintiff's Motion for Summary Judgment. (*See* Def.'s R. 56(f) Mot. 3-4.)

Federal Rule of Civil Procedure 56(d)[3] provides that the court may defer or deny a motion for summary judgment if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1). The Sixth Circuit holds that, pursuant to Fed. R. Civ. P. 56(d), "a party opposing a motion for summary judgment is allowed to state that he or she is unable to present facts essential to justify the party's opposition." *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003). The nonmovant's affidavit must "indicate the need for discovery, what material facts may be uncovered, and why the information has not been previously discovered." *Siggers v. Campbell*, 652 F.3d 681, 696 (6th Cir. 2011). In cases where the parties have had no opportunity to conduct discovery, the Sixth Circuit notes that

---

[3] Following the 2010 amendment to Rule 56, subdivision (d) now carries forward, without substantial change, the provisions of former subdivision (f). Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. Thus, Rule 56(d) now governs circumstances in which facts are unavailable to the nonmovant. *Id.*

"denying a Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *see also Siggers v. Campbell*, 652 F.3d 681, 696 (6th Cir. 2011).

Here, Defendant's counsel attached to its Rule 56(f) Motion an affidavit, which avers that the instant matter is still in its preliminary stages. (Staple Aff., ECF No. 33-1.) It further states that the court has not yet held a case management conference or set relevant pretrial dates. (*Id.* at ¶ 6.) Thus, the parties have not had *any* opportunity to conduct discovery. (*Id.* at ¶¶ 6–8.) Therefore, Defendant has demonstrated that it cannot present facts essential to justify its opposition at this time under Rule 56(d). Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 29) is denied without prejudice, and Defendant's Rule 56(f) Motion (ECF No. 33) is granted.

### E. Plaintiff's Motion to Strike

Plaintiff also moves this court to strike Defendant's Opposition to Plaintiff's Motion to Plead Amended Complaint (ECF No. 40). Acting *pro se*, Plaintiff has styled her reply to Defendant's Opposition as a Motion to Strike.[4] Plaintiff responds to arguments made in Defendant's Opposition, and she explains that she filed these responses as a Motion to Strike because the time had expired for her to file an opposition or a reply. (Pl.'s Mot. to Strike 1, ECF No. 41.) The court considers the arguments made in opposition, but it denies the Motion to Strike which is incorrectly denominated in any event.

### III. CONCLUSION

For the reasons stated herein, the court grants in part and denies in part Plaintiff's Motion

---

[4] The Federal Rules of Civil Procedure provide that a court "may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).

to Plead Amended Complaint (ECF No. 36). The court grants Plaintiff's Motion to Plead Amended Complaint (ECF No. 36) with respect to her racial discrimination, retaliation, and gender discrimination claims. The court denies Plaintiff's Motion to Plead Amended Complaint (ECF No. 36) with respect to her additional claims—mental and emotional distress, intolerable work place, defamation, harassment, slander, and civil conspiracy. Plaintiff's Second Amended Complaint (ECF No. 37) is now controlling with respect to her racial discrimination, retaliation, and gender discrimination claims. Accordingly, the court denies Defendant's Motion to Dismiss (ECF No. 30) Plaintiff's First Amended Complaint without prejudice. The court also denies Defendant's first Motion to Dismiss (ECF No. 15) Plaintiff's Complaint as mooted by Plaintiff's First Amended Complaint (ECF No. 25). The court gives Defendant until October 14, 2016, to file a motion regarding Plaintiff's Second Amended Complaint (ECF No. 37) if it wishes, and it gives Plaintiff until October 28, 2016, to file an opposition to such motion. Defendant's reply must be filed by November 7, 2016.

Additionally, the court grants Defendant's Rule 56(f) Motion (ECF No. 33), and it denies Plaintiff's Motion for Summary Judgment (ECF No. 29) without prejudice. The court also denies Plaintiff's Motions for Pro Bono Referral Program and for Counsel (ECF Nos. 13, 26) and Plaintiff's Motion to Strike (ECF No. 41).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 28, 2016